UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAKO CISSE,

Petitioner,

v.

JAMES BAUSCH, *in his official capacity as Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*, et al.,

Respondents.

**DECISION AND ORDER**

1:26-CV-00731-EAW

Petitioner Sako Cisse ("Petitioner") is a civil immigration detainee alleging that he is being detained in United States Immigration and Customs Enforcement ("ICE") custody pending removal proceedings in violation of the United States Constitution. (Dkt. 1). He seeks relief under 28 U.S.C. § 2241. (*Id.*). Petitioner is being held at the Buffalo Federal Detention Facility in Batavia, New York. (*Id.* at ¶ 15).

The Court has issued written decisions in *Quituizaca Quituisaca v. Bondi,* No. 6:25-CV-6527-EAW, 2025 WL 3264440 (W.D.N.Y. Nov. 24, 2025), and *Lieogo v. Freden,* No. 6:25-CV-06615 EAW, 2025 WL 3290694 (W.D.N.Y. Nov. 26, 2025), finding that noncitizens who are present in the United States without having been admitted or paroled are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are subject to detention under section 1226. Furthermore, the Court has issued written decisions in

*Ivonin v. Rhoney*, No. 6:25-CV-06673 EAW, 2026 WL 199283 (W.D.N.Y. Jan. 26, 2026), and *Ab-Rahim v. Marich*, No. 6:26-CV-06005-EAW, 2026 WL 279113 (W.D.N.Y. Feb. 3, 2026), finding that where a petitioner is paroled into the country and that parole expires, and the subsequent re-arrest is *not* a continuation of the initial border encounter, but an independent decision to detain the individual after the expiration of his parole, the detention pursuant to that re-arrest arises under § 1226. Respondents acknowledge that this Court's prior rulings in the identified cases concern the same or similar challenges to the government policy or practice at issue in the instant petition and would direct the same outcome in this matter entitling Petitioner to a bond hearing. (Dkt. 4).

Accordingly, for the same reasons the Court has previously articulated in the aforementioned decisions, the petition is granted to the extent that Petitioner seeks a bond hearing, and a bond hearing shall be conducted in accordance with the following terms:

1. Petitioner shall be granted a bond hearing before an immigration judge ("IJ") on or before April 23, 2026. If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2. After considering the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court concludes that the government shall have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Lieogo v. Freden*, No. 6:25-CV-06615 EAW, 2025 WL 3290694, at *4-6 (W.D.N.Y. Nov. 26, 2025). In deciding whether the government has met its burden of proof, the IJ must consider

whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3. If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4. Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5. Respondents are directed to file a status update with the Court on or before April 27, 2026.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 16, 2026
Rochester, New York